J-E01008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
  :            PENNSYLVANIA
  :
v.               :
  :
  :
LUIS ALONZO VILLATORO        :
  :
Appellant      :    No. 268 EDA 2019

Appeal from the PCRA Order Entered December 14, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002514-2009

BEFORE: PANELLA, P.J., BENDER, P.J.E., LAZARUS, J., STABILE, J., DUBOW,
J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER PER CURIAM:               **FILED JUNE 25, 2021**

Appellant Luis Alonzo Villatoro appeals from the order dismissing as

untimely his second Post Conviction Relief Act[1] (PCRA) petition. Appellant

claims that the PCRA court erred by dismissing his petition without conducting

an evidentiary hearing or providing a Pa.R.Crim.P. 907 notice. Appellant also

asserts that he was entitled to a copy of a Department of Corrections (DOC)

medical report. We vacate and remand for further proceedings.

The parties and the PCRA court are familiar with the factual and

procedural history of this case. Of relevance to this appeal, Appellant, through

counsel, filed his second PCRA petition on August 17, 2018. In his petition,

Appellant explained that he sought "PCRA relief due to his recently discovered

_____

[1] 42 Pa.C.S. §§ 9541-9546.

mental infirmities." PCRA Pet., 8/17/18, at ¶ 14. Specifically, Appellant noted:

> 15. Approximately one and one-half years ago[, Appellant] was placed in a Mental Health Unit within the Department of Corrections [(DOC)], at which point he was evaluated, diagnosed with various conditions, and subsequently treated.
>
> 16. On or about June 23, 2018, [Appellant] was verbally informed for the first time that he has been diagnosed with Bipolar Disorder, Post-Traumatic Stress Disorder, Antisocial Personality Disorder, and Mild Neurocognitive Damage resulting from a traumatic brain injury he suffered when he was shot in the year 2000.
>
> 17. [Appellant] has submitted multiple requests to the DOC requesting copies of his medical records and specifically any evaluations or diagnoses, all of which have been denied by DOC.

*Id.* at ¶¶ 15-17.

Appellant recognized that his petition was untimely on its face, and he asserted that "[b]ecause of [his] incarceration and psychological condition, the facts upon which the claims for relief . . . are predicated were unknown to [him], and could not have been ascertained by him by the exercise of due diligence." *Id.* at ¶ 24. Consequently, Appellant requested an evidentiary hearing, as well as an order directing the DOC to provide him with all relevant medical records.

Following oral arguments on Appellant's petition, the PCRA court dismissed Appellant's second petition asserting that Appellant did not establish that his diagnoses "could not have been discoverable previously" and that he promptly filed from the date the claim could have been raised. *See* PCRA Hr'g, 12/14/18, at 13-14.

Appellant, in relevant part, claims that the PCRA court erred in failing to "give [him] adequate time to gather the necessary records." Appellant's Brief at 15. Appellant notes that at oral arguments on his petition, he "was asking the [PCRA c]ourt to compel the release of the records from DOC and for additional time to have the records reviewed by an expert." *Id.* at 8. Appellant notes that he was required to file the instant petition after learning that he had received mental health diagnoses and that a petition filed after substantiating his mental health diagnoses risked dismissal for failing to promptly file and raise the exception to the PCRA time bar. *Id.*

Following our review, we agree with Appellant that the dismissal of his second petition was premature. Instantly, Appellant pled an exception to the PCRA time bar based on mental incompetence. *See generally Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004) (creating a narrow exception to the PCRA time bar based on mental incompetence). However, the PCRA court dismissed the petition without considering whether Appellant was entitled to the DOC records, if the PCRA court should issue a court order to the DOC directing the release of the records, or whether alternative means exist for him to prove the claimed exception. Under the unique circumstances of this case, we vacate the PCRA court's order and remand this matter to the PCRA court to consider Appellant's request for the DOC records and to consider other alternatives that would permit Appellant to prove the time bar exception based on his assertion of mental incompetence.

Order vacated. Case remanded. Jurisdiction relinquished.

J-E01008-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/25/2021